**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THE ERISA INDUSTRY COMMITTEE,

Plaintiff-Appellant,

v.

CITY OF SEATTLE,

Defendant-Appellee.

No. 20-35472

D.C. No. 2:18-cv-01188-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted March 1, 2021
Seattle, Washington

Before: TASHIMA, RAWLINSON, and BYBEE, Circuit Judges.

The ERISA Industry Committee (ERIC) appeals the district court's Rule

12(b)(6) dismissal of its action against the City of Seattle (the City). In its

complaint, ERIC asserted that the Employee Retirement Income Security Act of

1974 (ERISA) preempted Seattle Municipal Code (SMC) § 14.28, a health benefits

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

ordinance requiring hotel employers and ancillary hotel businesses to provide money directly to designated employees, or to include those employees in the employers' health benefit plan.

Contrary to ERIC's argument, "state and local laws enjoy a presumption against [ERISA] preemption when they clearly operate in a field that has been traditionally occupied by the States." *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 546 F.3d 639, 647 (9th Cir. 2008) (citation and internal quotation marks omitted); *see also Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 666 (9th Cir. 2019). Even so, unlike the statute in *Gobeille v. Liberty Mutual Ins. Co.*, which required disclosure of health care information and payments, SMC § 14.28 does not "enter[] a fundamental area of ERISA regulation," such as reporting and disclosure of health care claims and payments. 136 S. Ct. 936, 940, 946 (2016); *see also N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 661 (1995) ("[N]othing in the language of [ERISA] or the context of its passage indicates that Congress chose to displace general health care regulation, which historically has been a matter of local concern.") (citations omitted).

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). We agree

2

with the district court that SMC § 14.28 does not relate to any employee benefit plan in a manner that triggers ERISA preemption. The outcome of this case is controlled by our decision in *Golden Gate*. *See* 546 F.3d at 661 (concluding that a San Francisco ordinance requiring business to make certain minimum health care expenditures on behalf of covered employees was not preempted by ERISA). As in *Golden Gate*, SMC §14.28 does not "relate to" employers' ERISA plans because an employer "may fully discharge its expenditure obligations by making the required level of employee health care expenditures, whether those expenditures are made in whole or in part to an ERISA plan, or in whole or in part to [a third party]." *Id.* at 655-56.

ERIC argues that *Golden Gate* is distinguishable because the San Francisco ordinance did not include a direct payment option from the employer to the employee. However, we expressly noted in *Golden Gate* that there was no ERISA preemption "even if the payments are made by the employer directly to the employees who are the beneficiaries of the putative plan." *Id.* at 649 (internal quotation marks omitted). *Golden Gate* relied for this proposition on *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 3, 16 (1987), which explicitly addressed direct payment from the employer to the employee. *See Golden Gate*, 546 F.3d at 649.

Because ERIC failed to distinguish SMC § 14.28 on any meaningful point from the ordinance upheld in *Golden Gate*, dismissal in favor of the City was consistent with our precedent. *See* 546 F.3d at 661.

**AFFIRMED.**